IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY MCDOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 7171 |
| | ) | |
| v. | ) | |
| | ) | Judge Bucklo |
| CITY OF CHICAGO, CASEY CINER, TIMOTHY | ) | |
| FENTON, and DANIEL SKUPIEN, | ) | Magistrate Valdez |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

NOW COMES Plaintiff, SYDNEY MCDOWELL, by his attorney, KURT H. FEUER, and complaining of Defendants, the CITY OF CHICAGO, CASEY CINER, TIMOTHY FENTON, and DANIEL SKUPIEN, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of egregious police misconduct and abuse more fully described below, Plaintiff was beaten and suffered physical and other injuries.

### Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331.

4. Venue is proper under 28 U.S.C. Section 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## The Parties

5. Plaintiff, Sydney McDowell, was at all relevant times a citizen of the United States and a resident of Cook County, Illinois. At the time of the incident set forth below Plaintiff was employed by Riley Enterprises in Chicago, Illinois selling furniture and kitchen appliances.

6. Defendant City of Chicago is an Illinois municipal corporation, and is and/or was the employer of each of the Defendant Officers. The City of Chicago is responsible for the acts of the Defendant Officers while employed by the City of Chicago and while acting within the scope of their employment.

7. The Individual Defendants are Chicago Police Officers who at all relevant times acted under color of law and within the scope of their employment as Chicago police officers.

## Background

8. On August 12, 2009, in the middle of the afternoon, Plaintiff was playing dice with three other men, Leonard Hayes, Terrence Johnson, and Kavion Harwell, when an unmarked police car pulled and three uniformed Chicago Police officers got out. Said officers were defendants Ciner, Fenton, and Skupien.

9. The officers ordered Plaintiff to place his hands on the hood of the car and Plaintiff complied. One of the officers searched Plaintiff and took his ID, which he then ran, and Plaintiff came clear of any warrants.

10. Plaintiff was then handcuffed, as were the three others, and placed in a wagon that the officers had called.

11. Plaintiff and the others were taken to the station at 78th and Halsted and put in a large room where the officers uncuffed them and told them to empty their pockets. Plaintiff did so and put his personal items on a bench. Plaintiff was then handcuffed by his left hand to a ring on the wall.

12. One of the officers began to place Plaintiff's personal items in a plastic bag, and when the officer picked up a pair of dice to put in the bag Plaintiff told him that the dice were not his.

13. The officer told Plaintiff to "shut the fuck up" and began yelling at Plaintiff. Plaintiff responded that he was just trying to tell him the dice were not his property. The officer told Plaintiff "Don't say shit. Sit your ass down."

14. Plaintiff told the officer he meant no disrespect, but that he was a grown man and the officer shouldn't be talking to him like that.

15. The officer then came up to Plaintiff and began punching him in the face and head, causing Plaintiff to drop down

3

and almost lose consciousness. The officer then stopped hitting Plaintiff.

16.   The officer then began taunting Plaintiff, asking him if he thought he was tough and if he wanted to fight the police.   Plaintiff did nothing but the officer began to punch and slap Plaintiff in the face and head again.

17.   During this time the other two defendant officers stood by and watched the beating. The officer who beat Plaintiff then walked out of the room.   The other officers told the three other men to sit down and they left the room as well.

18.   Plaintiff was bleeding from his nose and mouth. About an hour or so later a white-shirted officer came into the room and asked Plaintiff what happened.   The officer then told Plaintiff he needed medical attention and left the room.

19.   A short while later an officer took Plaintiff to get processed and the personnel at the lock-up asked Plaintiff what happened.   When he told them one of them told Plaintiff he should get an attorney.   The lock-up keeper noted that Plaintiff had a bruise under his left eye and a scratch to the left of his nose.

20.   Plaintiff asked for medical attention but was told he didn't need medical attention because he would be released soon.   Plaintiff insisted that he be taken to the hospital and ultimately and officer took him to St. Bernard's Hospital.

21.   Plaintiff was treated at the hospital and diagnosed with a comminuted fracture of his left nasal bone and soft tissue swelling about the nose, left eye and forehead.  Another officer brought him his I-Bond at the hospital, at which point he was allowed to leave.

22.   Plaintiff appeared in court on October 7, 2009. One of the arresting officers was there, but the charges against Plaintiff were dismissed.  The other three men were also in court that day and, upon information and belief, the charges against them were dropped as well.

23.   In addition to the lumps and bruises on his face and head Plaintiff received as a result of the subject beating, he continues to suffer from occasional headaches and dizziness.

### Count I -- 42 U.S.C. Section 1983
### Excessive Force

24.   Plaintiff realleges by this reference paragraphs 1 through 23 of this Complaint as if restated fully herein.

25.   As described above, the one of the Defendant Officers intentionally and without any cause repeatedly struck Plaintiff with his fist and hand in the face and head.

26.   As a result of said Defendant's unjustified and excessive use of force, Plaintiff suffered physical injury, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

28. The misconduct described in this Count was undertaken by the Defendant Officer within the scope of his employment and under color of law such that his employer, the CITY OF CHICAGO, is liable for his actions.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officer and the CITY OF CHICAGO, to enter a judgment for punitive damages against the Defendant Officer, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## Count II – State Law Claim
## Battery

29. Plaintiff realleges by this reference paragraphs 1 through 23 of this Complaint as if restated fully herein.

30. As described more fully in the preceding paragraphs, the actions of the Defendant Officer constituted offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's injuries.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

32.     As a result of the offensive touching, Plaintiff has suffered physical injuries, economic damages, emotional distress, and mental anguish.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officer and the City of Chicago, to enter a judgment for punitive damages against the Defendant Officer, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III - State Law Claim
### Assault

33.     Plaintiff realleges by this reference paragraphs 1 through 23 of this Complaint as if restated fully herein.

34.     As described in the preceding paragraphs, the conduct of the Defendant Officer created in Plaintiff a reasonable apprehension of imminent harm, undertaken willfully and wantonly, and proximately caused Plaintiff's injuries.

35.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's rights.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officer and the City of Chicago, to enter a judgment for punitive damages against the Unknown Officer, to award Plaintiff his attorneys'

fees and costs, and for any other such relief as this Court deems appropriate.

## Count IV--42 U.S.C. § 1983
### Failure to Intervene

36. Plaintiff realleges by this reference paragraphs 1 through 23 of this Complaint as if restated fully herein.

37. The other two Defendant Officers each had a reasonable opportunity, had they been so inclined, to prevent the first Defendant Officer from beating Plaintiff and violating Plaintiff's rights in the manner described above, but they failed to do so.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the second and third Defendant Officers and the City of Chicago, to enter a judgment for punitive damages against the second and third Defendant Officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## COUNT V -- State Law Claim
## Respondeat Superior

39. Plaintiff realleges by this reference paragraphs 1 through 23 and 29 through 35 of this Complaint as if restated fully herein.

40. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

41. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## COUNT VI -- State Law Claim
## Indemnification

42. Plaintiff realleges by this reference paragraphs 1 through 38 of this Complaint as if restated fully herein.

43. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

44.    The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff, SYDNEY MCDOWELL, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:


s/ Kurt H. Feuer


Kurt H. Feuer
Attorney at Law
312 N. May Street
Suite 100
Chicago, IL 60607
(312) 265-2208